# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

MAURICE DOSSO,

    Plaintiff,

v.                                                                          CIVIL ACTION NO.: 3:19-CV-68
                                                                                (GROH)

ALEX M. AZAR, II, Secretary of Health
and Human Services of the United
States of America, and SHENANDOAH
COMMUNITY HEALTH CENTER,

    Defendants.

## MEMORANDUM ORDER ADOPTING
## AMENDED REPORT AND RECOMMENDATION

Now before the Court is an Amended Report and Recommendation (R&R) submitted by Magistrate Judge Trumble. ECF No. 14.

Pursuant to this Court's Local Rules and 28 U.S.C. § 1915(e)(2)(B), this action was referred to Magistrate Judge Trumble for a preliminary review to determine whether the Plaintiff's complaint sets forth any viable claims. ECF No. 4. On May 14, 2019, Magistrate Judge Trumble issued his R&R, recommending that the Court dismiss the Plaintiff's complaint without prejudice and deny as moot his application to proceed *in forma pauperis*. ECF No. 7. The Plaintiff filed objections to that R&R on June 10, 2019. ECF No. 12. In light of the information provided within those objections, the Court declined to adopt the R&R and referred the matter back to Magistrate Judge Trumble for submission of an amended R&R. ECF No. 13.

On June 18, 2019, Magistrate Judge Trumble issued an amended R&R. ECF No. 14. Therein, Magistrate Judge Trumble recommended that the Plaintiff be afforded 90 days to file a screening certificate of merit as required by West Virginia Code § 55-7B-6. If the Plaintiff failed to file the screening certificate of merit within 90 days, Magistrate Judge Trumble recommended that the Plaintiff's complaint be dismissed without prejudice.

## I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's amended R&R were due within fourteen days after being served with a copy of the same. The amended R&R was sent to the Plaintiff by certified mail on June 18, 2019. ECF No. 14. The Plaintiff filed his objections on July 1, 2019. ECF No. 14. Accordingly, the Court will review the portions of the amended R&R to which the Plaintiff objects *de novo*.

## II. Background

The Plaintiff's complaint alleges medical malpractice under the Federal Tort Claims

Act ("FTCA"). ECF No. 1. Specifically, the Plaintiff alleges that that Defendants were negligent in connection with his medical care at the Shenandoah Community Health Center ("SCH"). Id. at 2.

Since 2012, the Plaintiff has been "treated, followed, and monitored" at the SCH, mostly for high blood pressure. Id. at 5. On or about September 22, 2015, the Plaintiff's treating physician referred him to a specialist for "a total life-altering and potentially life-threatening medical condition" he developed while under the care of the Defendants. Id. The Plaintiff alleges that his medical records showed "steadily increasing and abnormal lab test results" two full years before the Defendants informed the Plaintiff and referred him to a specialist. Id. at 6. Specifically, the Plaintiff claims that the records demonstrated "visibly and distinguishably marked in red, abnormal and progressively rising creatinine levels, over a course of more than two years during which Defendants said nothing and took no action until Plaintiff developed a kidney disease." ECF No. 12 at 5. The Plaintiff alleges that his kidney disease was preventable but, due to the lack of care, is now irreversible. Id.

The Plaintiff alleges that the Defendants failure to inform him of his abnormal test results was a breach of the Defendants' duty of care to the Plaintiff. ECF No. 1 at 7. The Plaintiff further alleges that SCH medical staff was not properly trained and/or supervised, and that the Defendants negligently hired and retained "incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff." Id. at 8. As a result, the Plaintiff claims he has suffered "serious and permanent personal injuries," "has incurred medical expenses and other damages," and "was forced to endure pain, suffering, and mental anguish." Id. at 10.

On this basis, the Plaintiff seeks monetary damages and any other relief that the Court deems proper. Id. at 11.

### III. Applicable Law

The FTCA creates a legal remedy for monetary damages for "personal injury or death caused by the negligent or wrongful act or omission" of a federal employee acting within the scope of his employment "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, the FTCA does not create a new cause of action, but rather "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Edina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).

In this case, the Plaintiff's allegations arise out of treatment he received in West Virginia. Therefore, under West Virginia law, to prevail on a claim of medical malpractice, the Plaintiff must show:

> (1) [t]he health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (2) [s]uch failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3.

However, pursuant to § 55-7B-6, at least 30 days before filing a medical malpractice action, the claimant must serve "a notice of claim on each health care provider the claimant will join in the litigation." W. Va. Code § 55-7B-6(b). The notice of claim must include "a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom

4

notices of claim are being sent, together with a screening certificate of merit." Id. If the claimant "believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony," the claimant shall "file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit." W. Va. Code § 55-7B-6(c).

### IV. Analysis

In this case, it is undisputed that the Plaintiff did not serve a screening certificate of merit. Therefore, Magistrate Judge Trumble recommends that the Plaintiff be permitted 90 days to serve a screening certificate of merit, as required by West Virginia Code § 55-7B-6(b). The Plaintiff objects to this requirement and argues that his claims fall under the exception codified in § 55-7B-6(c). See ECF No. 16 at 6. The Plaintiff further argues that he has met the requirements of § 55-7B-6(c) because he served a "Notice of Intent to Sue . . . laying out the medical malpractice grounds for the lawsuit and the theories of liability." Id. at 7.

While the Plaintiff argues that his claims fall under the exception in subpart (c), West Virginia law is clear—"it is the general rule in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses." Syl. pt. 3, Banfi v. Am. Hosp. for Rehab., 529 S.E.2d 600 (W. Va. 2000). Evaluation of the Plaintiff's claims will require "an assessment of whether or not [the Plaintiff] was properly diagnosed and treated," and as such, expert testimony will be required. Lancaster v. USP Hazelton, No. 3:16CV30, 2017 WL 3448187, at *6 (N.D.W. Va. Aug. 11, 2017).

Because the Plaintiff has not complied with the requirements of West Virginia Code

5

§ 55-7B-6(b), his claim cannot proceed forward. Nevertheless, dismissal is "too draconian of a result." Westmoreland v. Vaidya, 664 S.E.2d 90, 97 (W. Va. 2008). Therefore, the Plaintiff must be "afforded a reasonable amount of time to fulfill the pre-suit certificate of merit requirement prior to dismissal." Id.

## V. Conclusion

Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Amended Report and Recommendation [ECF No. 14] be **ADOPTED** for the reasons more fully stated therein.

The Plaintiff shall have **90 DAYS** to comply with the requirements of West Virginia Code § 55-7B-6(b). If the Plaintiff fails to file a screening certificate of merit within 90 days, the Court will **DISMISS** the Plaintiff's Complaint [ECF No. 1] **WITHOUT PREJUDICE** and **DENY AS MOOT** the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2].

The Clerk is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** July 9, 2019

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE